IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

*Greenbelt Division*

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| GRANT A. MURPHY ) | CASE NO. 20-13536 |
| ) | |
| ) | |
| DEBTOR. ) | |

---

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ) | |
| ASSOCIATION, AS TRUSTEE OF THE ) | |
| TIKI SERIES III TRUST ) | |
| MOVANT, ) | |
| ) | |
| V. ) | |
| ) | |
| GRANT A. MURPHY ) | |
| 4619 KAVON AVE. ) | |
| BALTIMORE, MD 21206 ) | |
| DEBTOR, ) | |
| ) | |
| ROBERT S. THOMAS, II ) | |
| TRUSTEE ) | |
| 300 E. JOPPA ROAD SUITE 409 ) | |
| TOWSON, MD 21286, ) | |
| RESPONDENTS. ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY
LOCATED AT 4619 KAVON AVE., BALTIMORE, MD 21206**

COMES NOW, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST, (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001-1, and respectfully represents as follows:

1. Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code. The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§

105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

2. On or about March 17, 2020, GRANT A. MURPHY (hereinafter "Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

3. ROBERT S. THOMAS, II is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in BALTIMORE CITY, Maryland, and improved by a residence known as 4619 KAVON AVE., BALTIMORE, MD 21206 (hereinafter the "Property").

5. Movant is a secured creditor of the Debtor and the Movant's interest is evidenced by a Note dated August 31, 2001, and executed by GRANT A. MURPHY, in the original principal amount of $114,000.00, with interest at the original note rate of 9.48%. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the promissory note is attached hereto.

6. Said promissory note is secured by a certain Deed of Trust also dated August 31, 2001 and recorded in the land records of BALTIMORE CITY, Maryland, related to the subject Property. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the deed of trust is attached hereto.

7. Movant now seeks relief from the automatic stay against the Debtor pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1(a) for Debtor's failure to maintain post-petition adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust. Maryland Local Bankr. Rule 4001-1(b)(5).

8. A statement of Debtor's accrued post-petition payment arrears, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows: (a) April 6, 2020 through June 6, 2020 payments of $1,174.17 each for a subtotal of $3,522.51; (b) Movant has incurred attorney fees of $850.00

and filing cost of $181.00 associated with the present motion for a subtotal of $1,031.00. Consequently, as of the filing date of the present motion, the total post-petition arrearage, inclusive of motion legal fees and costs, is $4,553.51.

9. A statement of Debtor's accrued pre-petition payment arrearage, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows. The total pre-petition arrearage is $52,373.32. A more detailed statement of pre-petition debt is contained in <u>Claim No. 4</u> dated April 20, 2020.

10. As of June 30, 2020, a detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b)(1), is itemized as follows:

| | |
|---|---|
| Unpaid Principal Balance | $99,398.20 |
| Accrued Interest | $36,749.09 |
| Late Fees | $798.62 |
| Attorney Fees and Costs | $1,981.00 |
| Prior Servicer Late Charges | $86.97 |
| Prior Servicer Corporate Advance | $476.81 |
| 3rd Party Prior Servicer Corporate Advance | $27,402.69 |
| Escrow Advance | <u>$11,368.52</u> |
| Total: | $178,261.90 |

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement you must request one directly from the lender.

11. The Movant avers that there is no equity in the Property because the total liens against the Property exceeds its fair market value. Debtor's Schedule D lists the market value of the Property as $140,800.00. Moreover, the Maryland State Department of Assessments and Taxation's real property report dated July 1, 2020 values the Property at $172,400.00. Maryland Bankr. Rule 4001-1(b)(6).

12. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a). A copy of the Maryland State Department of Assessments and Taxation tax card is attached hereto.

13. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property. Maryland Local Bankr. Rule 4001-1(b)(7).

14. In the event the automatic stay under 11 U.S.C. § 362(a) is terminated as to the subject Property, Movant may, at its discretion, discuss, offer and enter into any potential non-bankruptcy loss mitigation agreements, such as a forbearance agreement, a deed-in-lieu agreement or loan modification agreement, with the Debtor.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not limited to the initiation of foreclosure proceedings against the property located at 4619 KAVON AVE., BALTIMORE, MD 21206 and to allow successful purchaser to obtain possession of same; and

2. Grant such other and further relief as may be just and necessary.

Date: June 24, 2020

Respectfully submitted,

   /s/Christopher T. Peck.
Christopher T. Peck Fed. I.D. 19622
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
404-474-7149
cpeck@mtglaw.com
*Attorney for Movant*

**CERTIFICATE OF SERVICE**

I HEARBY CERTIFY that on this 24th day of June, 2020, the following person(s) were served a copy of the foregoing Motion for Relief from Automatic Stay in the manner described below:

<u>Via First Class Mail, Postage Prepaid:</u>

GRANT A. MURPHY
4619 KAVON AVE.
BALTIMORE, MD 21206
*Debtor*

<u>Via CM/ECF:</u>

JEFFREY M. SIRODY
JEFFREY M. SIRODY AND ASSOCIATES, P.A.
1777 REISTERSTOWN ROAD
SUITE 360 E
BALTIMORE, MD 21208
*Debtor Attorney*

ROBERT S. THOMAS, II
300 E. JOPPA ROAD, SUITE 409
TOWSON, MD 21286
*Trustee*

                                                   /s/Christopher T. Peck
                                                   Christopher T. Peck